IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ERICK DRAKE CHARETTE #1667336** § | |
| § | |
| V. § | A-12-CA-180-LY |
| § | |
| **TEXAS BOARD OF PARDONS** § | |
| **AND PAROLES, TEXAS DEPARTMENT** § | |
| **OF CRIMINAL JUSTICE,** § | |
| **THE COLLIN COUNTY DISTRICT** § | |
| **ATTORNEY, and THE STATE OF** § | |
| **TEXAS** § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Buster Cole State Jail. According to Plaintiff, he was arrested for aggravated assault with a deadly weapon on January 23, 2008. He posted bond on December 4, 2009, and was released from the Collin County Detention Facility. Plaintiff was rearrested on February 2, 2009, after missing a court date on January 26, 2009. Plaintiff was then charged with felony failure to appear. Plaintiff

indicates a trial was held on the aggravated assault charge on October 7, 2009, and a trial was held on the failure to appear charge on February 22, 2010. Plaintiff was convicted of both offenses and sentenced to four years in prison in each case.

Plaintiff does not challenge his convictions. Instead, he complains he has not properly been considered for parole. Plaintiff asserts he was denied parole on his aggravated assault conviction and received a "serve-all" notice. Plaintiff argues the notice is an ambiguous, computer-generated, generic document. Plaintiff complains the Board of Pardons and Paroles used the same reasons for denying him parole as the reasons used to require him to serve half of his sentence before being eligible for parole.

In addition, Plaintiff alleges the Board of Pardons and Paroles voted on his case as though he was eligible for mandatory supervision for the failure to appear conviction. Plaintiff asserts on December 21, 2010, the Board of Pardons and Paroles voted to release Plaintiff on January 23, 2012, to mandatory supervision on his failure to appear conviction. January 23, 2012, is the day Plaintiff discharged his sentence for aggravated assault by serving the sentence day-for-day. On January 20, 2012, the Board of Pardons and Paroles allegedly realized Plaintiff is not eligible for mandatory supervision on the failure to appear conviction and suspended Plaintiff's release.

Plaintiff sues the Texas Board of Pardons and Paroles, the Texas Department of Criminal Justice, the Collin County District Attorney, and the State of Texas. Plaintiff requests the Court to order the Board of Pardons and Paroles to conduct a proper parole hearing. He additionally requests $200 per day from January 23, 2010, until January 23, 2012, and $1,000 per day from January 24, 2012, until his release.

## DISCUSSION AND ANALYSIS

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Eleventh Amendment Immunity</u>

The Texas Board of Pardons and Paroles, the Texas Department of Criminal Justice and the State of Texas are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.     Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages, Plaintiff's claims must also be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).  In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck applies to proceedings which call into question the fact or duration of parole.  Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).  In this case Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  Plaintiff's recitation of the procedural history in this case indicates just the opposite.

D.     Due Process

Even if Plaintiff had named the proper state officials in their official capacities as defendants, Plaintiff's claims fail.  As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted).  Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.  Id. (citations omitted).  In Johnson,

the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context. See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of April, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE