**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERICK DRAKE CHARETTE #1667336** | § | |
| | § | |
| **V.** | § | **A-12-CA-180-LY** |
| | § | |
| **GOVERNOR RICK PERRY,** | § | |
| **ADMINISTRATOR OF TEXAS** | § | |
| **BOARD OF PARDONS & PAROLES,** | § | |
| **T.D.C.J. DIRECTOR BRAD** | § | |
| **LIVINGSTON, and FORMER** | § | |
| **DISTRICT ATTORNEY JOHN** | § | |
| **ROACH SR.** | § | |

**SECOND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Second Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's original and amended complaints.  Plaintiff, proceeding pro

se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his original complaint pursuant to 42 U.S.C. § 1983, Plaintiff was

confined in the Buster Cole State Jail.  According to Plaintiff, he was arrested for aggravated assault

with a deadly weapon on January 23, 2008.  He posted bond on December 4, 2009, and was released

from the Collin County Detention Facility.  Plaintiff was rearrested on February 2, 2009, after

missing a court date on January 26, 2009.  Plaintiff was then charged with felony failure to appear.

Plaintiff indicates a trial was held on the aggravated assault charge on October 7, 2009, and a trial was held on the failure to appear charge on February 22, 2010.  Plaintiff was convicted of both offenses and sentenced to four years in prison in each case.

Plaintiff does not challenge his convictions.  Instead, he complains he has not properly been considered for parole.  Plaintiff asserts he was denied parole on his aggravated assault conviction and received a "serve-all" notice.  Plaintiff argues the notice is an ambiguous, computer-generated, generic document.  Plaintiff complains the Board of Pardons and Paroles used the same reasons for denying him parole as the reasons used to require him to serve half of his sentence before being eligible for parole.

In addition, Plaintiff alleges the Board of Pardons and Paroles voted on his case as though he was eligible for mandatory supervision for the failure to appear conviction.  Plaintiff asserts on December 21, 2010, the Board of Pardons and Paroles voted to release Plaintiff on January 23, 2012, to mandatory supervision on his failure to appear conviction.  January 23, 2012, is the day Plaintiff discharged his sentence for aggravated assault by serving the sentence day-for-day.  On January 20, 2012, the Board of Pardons and Paroles allegedly realized Plaintiff is not eligible for mandatory supervision on the failure to appear conviction and suspended Plaintiff's release.

In his original complaint Plaintiff sued the Texas Board of Pardons and Paroles, the Texas Department of Criminal Justice, the Collin County District Attorney, and the State of Texas. Plaintiff requested the Court to order the Board of Pardons and Paroles to conduct a proper parole hearing.  He additionally requested $200 per day from January 23, 2010, until January 23, 2012, and $1,000 per day from January 24, 2012, until his release.

2

On April 12, 2012, this Court issued a Report and Recommendation, recommending that Plaintiff's complaint be dismissed as frivolous. The Court explained the Texas Board of Pardons and Paroles, the Texas Department of Criminal Justice and the State of Texas are immune from suit under the Eleventh Amendment. The Court further explained Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994) and his due process claims were without merit.

Rather than filing objections to the Report and Recommendation, Plaintiff filed a motion for leave to amend complaint. The District Court granted the motion, and Plaintiff's amended complaint was filed. Plaintiff now sues Governor Rick Perry, the Administrator of the Texas Board of Pardons and Paroles, Director Brad Livingston of the Texas Department of Criminal Justice and former Collin County District Attorney John Roach Sr. Plaintiff sues the defendants in their individual capacities only. In his amended complaint Plaintiff adds that his Eighth Amendment right against cruel and unusual punishment was also violated because (1) he was mistakenly informed he would be released to mandatory supervision, (2) he was not reviewed with proper information, and (3) his vote of release was withdrawn at the last minute, requiring Plaintiff to wait for a new review process. Plaintiff seeks $100 per day in damages from an unspecified date in April 2010 and $200 per day from January 23, 2012, until a "vote for or against parole occurs."

## DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally

as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se

status does not offer him "an impenetrable shield, for one acting pro se has no license to harass

others, clog the judicial machinery with meritless litigation and abuse already overloaded court

dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

> B.    Heck v. Humphrey

As explained previously, Plaintiff's claims for monetary damages are barred by Heck v.

Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application

of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).  In Heck,

the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus.

Heck applies to proceedings which call into question the fact or duration of parole.  Jackson v.

Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).  Here, Plaintiff does not allege that his convictions have

been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of

habeas corpus.  Plaintiff's recitation of the procedural history in this case indicates just the opposite.

> C.    Supervisory Liability

In addition, Plaintiff's claims fail on the merits.  Plaintiff contends the defendants are liable

to him because they negligently managed their subordinates.  However, supervisory officials cannot

be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendants Perry, the Administrator of the Board of Pardons and Paroles, Livingston and Roach liable in this case.

      D.     Due Process

Moreover, as explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for

violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context.  See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").

  E. Cruel and Unusual Punishment

Plaintiff's Eighth Amendment claims fare no better.  The indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities.  Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir.), cert. denied, 493 U.S. 969, 110 S. Ct. 417 (1989).  The Supreme Court has held, however, that to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.  Rhodes v. Chapman, 452 U.S. 337, 346-7, 101 S. Ct. 2392 (1981).  Plaintiff's claims regarding the withdrawal of his mandatory supervision notice and the review of his parole do not constitute Eighth Amendment violations.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE